P1RDPekP

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

        v.                          24 Cr. 00168 (ALC)

PEKEN GLOBAL LIMITED, ET AL.,

                                   Plea and Sentence
            Defendant.

------------------------------x

                                New York, N.Y.
                                January 27, 2025
                                2:30 p.m.

Before:

                HON. ANDREW L. CARTER, JR.,

                                U.S. District Judge

                     APPEARANCES

DANIELLE R. SASSOON
     Interim United States Attorney for the
     Southern District of New York
EMILY DEININGER
     Assistant United States Attorney

ALEXANDER J. WILSON
CHRISTOPHER LAVIGNE
KATHERINE J. STOLLER
     Attorneys for Defendant Peken Global Limited


Also Present:

Bochong Wong, CEO, Peken Global Limited
John Rodriguez, Special Agent, Homeland Security Investigations
David Meister, Attorney for Defendant Ke Tang
Alexander J. Wilson, Attorney for Defendant Chun Gan

P1RDPekP

(Case called.)

MS. DEININGER:  Good afternoon, your Honor.  Emily Deininger for the United States, and with me at counsel table is Special Agent John Rodriguez from Homeland Security Investigations.

THE DEPUTY CLERK:  And for the defendant?

MR. NATHANSON:  Good afternoon, your Honor.  John Nathanson from A&O Shearman.  I have with me at counsel table corporate representative and CEO, Mr. Bochong Wang, from Peken Global Limited, and Chris LaVigne and Katherine Stoller from my firm.

Thank you, your Honor.

THE COURT:  Good afternoon.

I think it makes sense to deal with the deferred prosecution agreements first.  So, is Chun Gan here, or --

MS. DEININGER:  Your Honor --

THE COURT:  Let me hear from the government.

MS. DEININGER:  The individual defendants are not present and are not planning on making appearances.  We have conferred with defense counsel.  We do not think they need to make appearances.  Agreements are already signed and executed between the parties.

We are requesting that time be excluded under the Speedy Trial Act to allow for the time period under the deferred prosecution agreement.  So we're requesting that your

P1RDPekP

Honor so order that before we move forward with the plea proceeding for defendant Peken Global.

If you do have questions for them, counsel for Mr. Gan and Mr. Tang are in the room, but, again, were not planning on entering an appearance or I think saying anything to your Honor unless it's needed.

THE COURT:  Okay.  Counsel for Mr. Gan, counsel for Mr. Tang, can you step forward real quick?

MR. MEISTER:  Good afternoon, your Honor.

THE COURT:  Please place your appearances on the record.

MR. MEISTER:  David Meister for Mr. Tang from Skadden, Arps.

MR. WILSON:  Good afternoon, your Honor.  Alex Wilson of Jones Day for Mr. Gan.

THE COURT:  All right.  One question I have, since the deferred prosecution agreements require that the defendants admit that they knowingly owed part of a money transmitting business that was not registered or licensed in the United States, I want to make sure that you have discussed that with your clients.

Have you done that, counsel for Mr. Tang?

MR. MEISTER:  Yes, your Honor.  We discussed the entire agreement with Mr. Tang.

THE COURT:  Have you done so, counsel for Mr. Gan?

P1RDPekP

MR. WILSON:  I have, your Honor.  We have discussed it at length, and he is comfortable with the agreement.

THE COURT:  Counsel for Mr. Tang, have you discussed any possible immigration consequences that might stem from such an admission?

MR. MEISTER:  Your Honor, my client actually doesn't live in the United States and doesn't have any intention of coming to the United States.  Having said that, we've discussed all of the risks associated with the agreement.

THE COURT:  Okay.  Counsel for Mr. Gan, have you discussed the possible immigration consequences regarding your client's potential entry and/or remaining in the United States as a result of this admission?

MR. WILSON:  Yes, your Honor.

THE COURT:  Okay.  Thank you very much.

Anything else from the government on this?

MS. DEININGER:  No, your Honor.  Thank you.

THE COURT:  Okay.  I have no further questions.  Thank you.

MR. MEISTER:  Thank you, Judge.

MR. WILSON:  Thank you, your Honor.

THE COURT:  Okay.  So, regarding the corporation, let me just ask the person who is the representative of the corporation to please stand and identify themselves.

THE DEFENDANT:  Good afternoon, your Honor.

P1RDPekP

THE COURT:  What is your name?

THE DEFENDANT:  Wong, Bochong.

THE COURT:  I'm sorry.  Just speak slowly.

THE DEFENDANT:  Wong, Bochong.

MR. NATHANSON:  Don't go so close.

THE DEFENDANT:  Wong, Bochong.

THE COURT:  Okay.  Do you speak and understand English?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Okay.  Let me ask my deputy to administer an oath.

THE DEPUTY CLERK:  Please raise your right hand, sir.

Please raise your right hand.

(Defendant sworn)

THE DEPUTY CLERK:  Thank you.  You may be seated.

THE DEFENDANT:  Thank you.

THE COURT:  I want to make sure you understand that now that you've taken an oath to tell the truth, if you were to intentionally lie in response to any of my questions, you could face prosecution for making false statements under oath.

Do you understand?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  How old are you?

THE DEFENDANT:  Thirty-seven, your Honor.

THE COURT:  You can stay seated.  That's fine.  Just

P1RDPekP

make sure the microphone is close to you.

How far did you go in school?

THE DEFENDANT:  Sir?  Pardon?

THE COURT:  How far did you go in school?  What's your level of education?

THE DEFENDANT:  Juris Doctor, your Honor.  Singapore.

THE COURT:  Are you an officer or authorized employee of the organization?

THE DEFENDANT:  No -- other than Peken Global, no. But I'm the officer -- I'm the CEO of Peken Global Limited, your Honor.

THE COURT:  Okay.  And have the board of directors or the director empowered -- are they empowered to authorize a person to enter a plea of guilty?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Are you that person who has been authorized by the board of directors or the director to enter this plea of guilty?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Is that pursuant to a valid resolution?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Is the organization financially able to pay a substantial fine that can be imposed by the Court?

THE DEFENDANT:  Definitely.  Yes, your Honor.

THE COURT:  All right.  Let me make sure that you --

P1RDPekP

hold on a second.

Have you seen a copy of attachment B, the certificate of corporate resolution?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Is this your signature on the third page of this document?

THE DEFENDANT:  Yes.  Yes, your Honor.

THE COURT:  Before signing this, did you discuss this with your attorney?

THE DEFENDANT:  Yes.

THE COURT:  Do you understand it?

THE DEFENDANT:  Definitely.  Yes, your Honor.

THE COURT:  Have you seen a copy of attachment D, the certification?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Is this your signature on the second page of this document under the first line?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Before signing this, did you discuss this with your attorney?

THE DEFENDANT:  Yes.

THE COURT:  Do you understand it?

THE DEFENDANT:  Yes.

THE COURT:  Okay.  Again, I will accept attachment D, as well as attachment B.

P1RDPekP

I want to make sure that you understand the rights that the corporation is waiving by pleading guilty.

Do you understand?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Have you seen a copy of the indictment that's been filed in this case?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  You have a constitutional right to plead not guilty, continue to plead not guilty to the crimes charged in that indictment.

Do you understand?

THE DEFENDANT:  Yes, I understand that, your Honor.

THE COURT:  Actually, hold on a second.

Has the corporation been arraigned on the indictment yet, counsel for the government?

MS. DEININGER:  No, your Honor.  This is the first appearance.

THE COURT:  All right.  Hold on.

MS. DEININGER:  Can I provide a copy of the indictment?

THE DEPUTY CLERK:  Thank you so much.

THE COURT:  Have you seen a copy of the indictment that's been filed in this case?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Have you discussed it with your attorney?

P1RDPekP

THE DEFENDANT:  Yes.

THE COURT:  The indictment has four counts.

Do you understand?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  My understanding is that you will be pleading guilty to Count Four of the indictment.

Is that correct?

THE DEFENDANT:  Correct.

THE COURT:  All right.  Let's briefly review all of the counts in the indictment.

Count One charges conspiracy to violate the Bank Secrecy Act.

Do you understand?

THE DEFENDANT:  Yes.

THE COURT:  Count Two charges a conspiracy to operate an unlicensed money transferring business.

Do you understand?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Count Three charges a violation of the Bank Secrecy Act.

Do you understand?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Count Four charges operation of an unlicensed money transmitting business.

Do you understand?

P1RDPekP

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Again, you've discussed all of those charges with your attorneys?

THE DEFENDANT:  Yes.

THE COURT:  Counsel, have you, in fact, discussed those charges with your client?

MR. NATHANSON:  We have, your Honor.

THE COURT:  Does the defendant -- are you currently under the care of a doctor for any reason?

THE DEFENDANT:  No, your Honor.

THE COURT:  In the last 24 hours, have you had any medication, drugs, pills, or alcoholic beverages of any kind?

THE DEFENDANT:  No, your Honor.

THE COURT:  Is your mind clear as you sit here today?

THE DEFENDANT:  Very clear.

THE COURT:  Defense counsel, do you have any doubts about your client's competence to proceed?

MR. NATHANSON:  None, your Honor.

THE COURT:  Do you feel that he understands the charges in the indictment?

MR. NATHANSON:  I do, your Honor.

THE COURT:  Do you feel that he understands the rights that the corporation is waiving by pleading guilty?

MR. NATHANSON:  I do, your Honor.

THE COURT:  We'll enter a plea of not guilty to Counts

P1RDPekP

One through Four of the indictment on the defendant's behalf.

MR. NATHANSON:  Yes, your Honor.

THE COURT:  Okay.  Now, you have a constitutional right to continue to plead not guilty.

Do you understand?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  If you persist in that right, you have a right to a speedy and public trial by jury.

Do you understand?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  At that trial -- and when I say "you," I'm talking about the corporation.

Do you understand?

THE DEFENDANT:  Got it.  Yes, your Honor.

THE COURT:  At that trial, you'd have the right to be represented by an attorney.

Do you understand?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  If you could not afford to hire an attorney, the Court would give you an attorney for free.

Do you understand?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  At that trial, you'd be presumed innocent. You wouldn't have to prove that you're innocent.

Do you understand?

P1RDPekP

THE DEFENDANT:  Yes, your Honor.

THE COURT:  At that speedy and public trial, the burden of proof would be on the government at all times and the government would be required to prove each and every element of the offense charged beyond a reasonable doubt.

Do you understand?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  So, counsel for the government, what are the elements that the government would be required to prove for Count Four?

MS. DEININGER:  Yes, your Honor.

For Count Four, operation of an unlicensed money transmitting business, the government would be required to prove beyond a reasonable doubt three elements:

First, that the defendant knowingly conducted, controlled, managed, supervised, directed, or owned all or part of an unlicensed money transmitting business;

Second, that the business affected interstate or foreign commerce in any manner;

And, third, that the business was unlicensed, and that it failed to comply with the money transmitting business registration requirements under Title 21, United States Code, section 5330, and the regulations prescribed therein, which require money transmitting businesses to register with the U.S. Department of Treasury Financial Crimes Enforcement Network,

P1RDPekP

known as FinCEN.

We'd also be required to prove venue beyond a preponderance.

THE COURT:  Okay.  Are there any elements missing from the government's recitation, counsel for the defense?

MR. NATHANSON:  No, your Honor.

THE COURT:  All right.  So the government would have to prove each and every one of those elements beyond a reasonable doubt.

Do you understand?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  For the element -- well, it's not an element.  For the issue of venue, the government would have to prove venue by a preponderance of the evidence.

Do you understand?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  In order to attempt to prove those elements, the government would call witnesses.  Your attorney could question those witnesses.

Do you understand?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Again, I instructed you that if you could not afford to hire an attorney, the Court would give you an attorney for free.  I suspect I know the answer to this question, but I will ask anyway.

P1RDPekP

Counsel, are you appointed or retained on this matter?

MR. NATHANSON:  Retained, your Honor.

THE COURT:  Again, your attorney could question those witnesses at trial.

Do you understand?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Your attorney could object to evidence the government tried to use against you.

Do you understand?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  You could call your own witnesses at trial and your attorney would have the subpoena power of the United States to make witnesses come to Court for you.

Do you understand?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  You could testify on your own behalf.

Do you understand?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  At the same time, you could not be forced to testify, because you have a right or privilege against self-incrimination.

Do you understand?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  The right or privilege against self-incrimination means that you cannot be forced to say

P1RDPekP

anything out of your own mouth that makes you appear guilty.

Do you understand?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  So even if you, the corporation, are, in fact, guilty, you are not required to plead guilty.

Do you understand?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  You could remain silent and force the government to attempt to prove each and every one of the elements to a jury beyond a reasonable doubt.

Do you understand?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  If the government could not prove each and every element to the jury's satisfaction beyond a reasonable doubt, the jury would have an obligation to find you not guilty.

Do you understand?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  So, again, even if you are guilty, you are not required to plead guilty.

Do you understand?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  On the other hand, if you decide to plead guilty, I'll have to ask you what you did that makes you guilty of this crime, and when you answer that question, you'll be

P1RDPekP

saying things out of your own mouth that make you appear guilty, thereby giving up your right or privilege against self-incrimination.

Do you understand?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Ordinarily, if I were to accept your plea of guilty, you would meet with the Probation Department and they'll prepare a presentence or probation report.

Do you understand?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  That report would have information about you, as well as the crime that the corporation is alleged to have committed.

Do you understand?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  That report would also have the Probation Department's sentencing guideline calculation.

Do you understand?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  My understanding is that you wish to waive the presentence report in this case and go directly to sentencing.

Is that correct?

THE DEFENDANT:  Yes.  Correct.

THE COURT:  My understanding is also that what is

P1RDPekP

before me is a plea agreement pursuant to 11(C)(1)(c).

Is that correct, counsel for the government?

MS. DEININGER:  Yes, your Honor.

THE COURT:  Counsel for the defense?

MR. NATHANSON:  Yes, your Honor.

THE COURT:  In that case, if I accept this plea, there will be an agreed-upon sentence that I will be bound to impose.

Do you understand?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Do you, in fact, wish to waive the presentence report and go directly to sentencing after your guilty plea allocution?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Okay.  Let's turn to your agreement with the government dated January 25, 2025.

Have you seen a copy of this agreement?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Have you discussed it with your attorneys?

THE DEFENDANT:  Yes.

THE COURT:  Is this your signature on the last page of the agreement?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Before signing this agreement, did you discuss it with your attorneys?

THE DEFENDANT: Yes, your Honor.

P1RDPekP

THE COURT:  Do you understand it?

THE DEFENDANT:  Definitely.

THE COURT:  Does this agreement constitute the entirety of the corporation's agreement with the government?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Counsel for the government, is that correct?

MS. DEININGER:  That is correct.

THE COURT:  Counsel for the defense, is that correct?

MR. NATHANSON:  Yes, your Honor.

THE COURT:  All right.  I'm not going to go over the entire agreement.  I'm going to go over the statutory penalties, and then I will go over some portions of the agreement.

I want to make sure that you understand that the statutory maximum sentence is a fine of $500,000 or twice the gross pecuniary gain or gross pecuniary loss resulting from the offense.

Do you understand?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  There's a mandatory special assessment of $400.

Do you understand?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  I must also impose forfeiture of any and

P1RDPekP

all property, real and personal, involved in Count Four of the indictment, or any property traceable as such property.

Do you understand?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  In this case, the parties have agreed that the gross pecuniary gain resulting from the offense is $125,460,000.

Do you understand?

THE DEFENDANT:  Yes, I understand.

THE COURT:  The parties have agreed, based on the application of the sentencing guidelines, that the appropriate total criminal fine is $112,914,000.

Do you understand?

THE DEFENDANT:  Yes, I understand.

THE COURT:  Under your agreement, you admit that the facts set forth in the statement of facts establish that the sum of at least $184,500,000 in United States currency is forfeitable to the United States.

Do you understand?

THE DEFENDANT:  Yes, I understand.

THE COURT:  Under your agreement, you have agreed not to file an appeal nor collaterally attack any sentence at or below the statutory maximum.

Do you understand?

THE DEFENDANT:  Yes, your Honor.

P1RDPekP

THE COURT:  I have before me a proposed forfeiture order, a consent preliminary order of forfeiture.

Is this your signature on the last page of this document, E-5?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Before signing this document, did you discuss it with your attorneys?

THE DEFENDANT:  Yes.

THE COURT:  Do you understand the document?

THE DEFENDANT:  Definitely.

THE COURT:  By signing this document, do you agree, on behalf of the corporation, to make a payment to the government in the amount of $179,200,000, less the CFTC disgorgement credit?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Anything else regarding the forfeiture order by the government?

MS. DEININGER:  No, your Honor.

THE COURT:  By the defense?

MR. NATHANSON:  No, your Honor.

THE COURT:  I am signing off on the consent forfeiture order.

Is there anything else regarding the agreement, the plea agreement that the parties would like an allocution on?

Counsel for the government?

P1RDPekP

MS. DEININGER:  No, your Honor.

THE COURT:  Counsel for the defense?

MR. NATHANSON:  No, your Honor.

THE COURT:  Defendant, are you satisfied with your legal representation up to this point?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Counsel, are you aware of any reason why your client should not plead guilty?

MR. NATHANSON:  No, your Honor.

THE COURT:  Are you aware of any legal defense to the charge?

MR. NATHANSON:  No, your Honor.

THE COURT:  Peken Global Limited, are you willing to give up your rights to a trial and all the other rights that we've discussed?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Other than what's contained in your agreement with the government, has anyone made any promises to induce you to give up those rights?

THE DEFENDANT:  No, your Honor.

THE COURT:  Has anyone threatened you or attempted to force you to give up those rights?

THE DEFENDANT:  Definitely no.

THE COURT:  How do you plead to Count Four of the indictment, guilty or not guilty?

P1RDPekP

THE DEFENDANT:  Yes.

THE COURT:  Okay.

THE DEFENDANT:  Yes, guilty to Count Four.

THE COURT:  What is it you did that makes you guilty of Count Four?

THE DEFENDANT:  So Peken Global Limited is a business entity incorporated in the Republic of Seychelles, that since in or about September 2019, has operated the KuCoin Online Cryptocurrency Exchange and Trading Platform.  Peken Global Limited is a successor in interest for other entitles that operated KuCoin between in or about September 2017 and in or about September 2019.

Since its launch, KuCoin has served approximately 1.5 million registered users located in the United States, including registered users located in the Southern District of New York.  Because KuCoin had a significant number of user -- of registered users located in the United States, KuCoin knowingly conducted a money transmitting business that was required to register with the U.S. Department of the Treasury's Financial Crimes Enforcement Network, known as FinCEN.

KuCoin violated United States law by failing to register with FinCEN as a money transmitting business, your Honor.

THE COURT:  Did Peken engage in this behavior intentionally and knowingly?

P1RDPekP

THE DEFENDANT:  Yes, your Honor.

THE COURT:  There is also an attachment A, a statement of facts that is stipulated between the parties.

Do you, in fact, adopt attachment A and those statement of facts as true?

THE DEFENDANT:  Yes, your Honor, as truth.

THE COURT:  Okay.  Any further allocution requested by the government?

MS. DEININGER:  Your Honor, my understanding is that defense counsel is willing to stipulate, although I think it's implicit in the facts described, that the conduct affected interstate and foreign commerce.

THE COURT:  Okay.  Is there a stipulation from defense counsel?

MR. NATHANSON:  Yes, we agree to that stipulation, your Honor, with respect to interstate commerce.

THE COURT:  All right.  Any further allocution requested by the government?

MS. DEININGER:  No, your Honor.

THE COURT:  Any further allocution requested by the defense?

MR. NATHANSON:  No, your Honor.

THE COURT:  Anything else from the government regarding this case today?

Well, obviously, we're going to move on to sentencing,

P1RDPekP

but in terms of the plea, anything else from the government?

MS. DEININGER:  Nothing other than confirming that your Honor is accepting the plea.

THE COURT:  Okay.  From the defense, anything else?

MR. NATHANSON:  Other than dismissing the open counts both against Peken Global and the other corporate entities, nothing other than that, your Honor.

THE COURT:  All right.  I find that there is a factual basis for the plea.

I find the defendant understands the rights that are being waived by pleading guilty.

I accept the 11(C)(1)(c) plea.

My understanding is now the parties would like to move to sentencing immediately.

Is that correct, counsel for the government?

MS. DEININGER:  That's correct, your Honor.  And just to build on what defense counsel just said, we'll move to dismiss the counts at the end of the sentencing.

THE COURT:  Okay.

Is that correct, we're ready for sentencing, defense counsel?

MR. NATHANSON:  Yes, your Honor.

THE COURT:  All right.  There was an 11(C)(1)(c) plea here, an agreement between the parties, and the Court accepted the plea.  The Court, as well as the parties, is bound by the

P1RDPekP

agreement in this instance.

I will ask again, is the defendant satisfied with your legal representation up to this point?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Is there any reason why we should not proceed to sentence, counsel for the government?

MS. DEININGER:  No, your Honor.

THE COURT:  Counsel for the defense?

MR. NATHANSON:  No, your Honor.

THE COURT:  All right.  I will impose a fine which reflects the total criminal fine, less the anticipated payment of the CFTC civil credit.  I will impose a fine of $67,914,000 -- well, let me find out from the parties. Obviously he's getting -- or the company's getting credits for payments that have been made or will be made.

In terms of the sentence, is it more appropriate for me to impose the fine without regard to the credits, or impose the fine with the credit already reflected?

MS. DEININGER:  No, your Honor.  We would ask your Honor impose as a sentence the total criminal fine, the gross number, and then obviously we have an agreement between the parties as to certain credit arrangements and a payment schedule.  But in terms of the sentence, I think only the top line number is part of the judgment.

THE COURT:  Anything from the defense on this?

P1RDPekP

MR. NATHANSON:  No.  We agree with that, your Honor.

THE COURT:  Okay.  I will impose a fine of $112,914,000.  I will impose criminal forfeiture in the amount of $184,500,000.

MR. NATHANSON:  Your Honor, I'll just note that, as with respect to the fine, with respect to forfeiture, also, there are various credits referenced in the plea agreement and a payment schedule that could effectively reduce the payment that goes to the government in this case, or at least the United States Department of Justice.  But those are laid out in the agreement.

The forfeiture amount, the top line number of $184,500,000 is correct.

THE COURT:  Okay.  I will also impose the mandatory special assessment of $400.

Is there anything else I need to state on the record regarding the sentence before we turn to statutory rights of appeal and open counts, counsel for the government?

MS. DEININGER:  No, your Honor.

THE COURT:  Counsel for the defense?

MR. NATHANSON:  No, your Honor.

THE COURT:  All right.  Does the government move to dismiss any open counts?

MS. DEININGER:  Yes, your Honor.  We move to dismiss Counts One through Three against Peken Global Limited.  And

P1RDPekP

we're also going to move to dismiss all counts against the two other corporate entities named in the indictment, Flashdot Limited and Phoenixfin Private Limited, because that is all of the counts against those entities.  We'll follow up with nolle paperwork for your Honor to consider, but I can orally represent that we will move to dismiss all of those counts.

THE COURT:  Okay.  Is there anything else before I advise defendant of a statutory right to appeal?

Counsel for the government?

MS. DEININGER:  No, your Honor.

THE COURT:  Counsel for the defense?

MR. NATHANSON:  No, your Honor.

THE COURT:  All right.  So, for the corporate defendant, although you have waived your right to appeal under this agreement, there is still a statutory right to appeal. There are time constraints on your ability to file a notice of appeal.  You should talk to your attorney about that.

If you cannot afford to hire an attorney to help you prosecute the appeal, the Court would give you an attorney for free.

Do you understand?

THE DEFENDANT:  I understand, your Honor.

THE COURT:  Anything else from the government today?

MS. DEININGER:  No, your Honor.

THE COURT:  Anything else from the defense?

P1RDPekP

MR. NATHANSON:  No, your Honor.  Thank you, your Honor.

THE COURT:  Okay.  We are adjourned.  Thank you.

(Adjourned)