USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 1-30-25

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>KE TANG,<br>   a/k/a "Eric,"<br><br>              Defendant. | **Deferred Prosecution Agreement**<br><br>24 Cr. 168 (ALC) |

TO: KE TANG, a/k/a "Eric"

On March 21, 2024, an indictment was issued by a Grand Jury sitting in the Southern District of New York, charging you with committing offenses against the United States, to wit, from at least in or about July 2019 through at least in or about March 2024, with participating in a conspiracy to violate the Bank Secrecy Act, in violation of Title 18, United States Code, Section 371; and, from at least in or about September 2017 through at least in or about December 2023, participating in a conspiracy to operate an unlicensed money transmitting business, in violation of Title 18, United States Code, Section 371. However, based on the facts of the case and your personal circumstances, including, among other things, your focus on the technological aspects of the operations, and limited knowledge regarding other day-to-day operations, of KuCoin ("KuCoin"), a cryptocurrency exchange that accepts orders for spot trading in cryptocurrencies and derivative products based on cryptocurrencies, including futures contracts, through the website www.kucoin.com and an application available for download on mobile phones, the United States Attorney's Office for the Southern District of New York ("USAO-SDNY") has determined that the interests of the United States of America, your own interests, and the interests of justice will be best served by deferring prosecution in this District. Prosecution will be deferred during the term of your good behavior and satisfactory compliance with the terms of this agreement for the period of two years (the "Term") from the payment of the Stipulated Forfeiture Amount, set forth below (the "Agreement").

As part of this Agreement, you admit that you knowingly owned, from at least in or about September 2017 through at least in or about December 2023, part of a money transmitting business that was not registered or licensed in the United States. The parties agree that your conduct, as admitted, violated Title 18, United States Code, Sections 1960(a) and (b)(1)(A) and (B).

The terms and conditions constituting your good behavior and satisfactory compliance are as follows:

(1) You shall refrain from the violation of any United States law (federal, state, and local).

(2) You shall associate only with law-abiding persons.

(3) You shall work regularly at a lawful occupation and/or regularly attend school and support your legal dependents, if any, to the best of your ability.

(4) You shall have no involvement in the management or operations of KuCoin, which is defined as above and to include any successor website operated by Peken Global Limited ("Peken"), its subsidiaries, affiliates, and any successor in interest thereto, or any associated application for mobile phones.

(5) You will not hold any position, including as an employee, officer, or member of the board of directors, of any company or entity that operates KuCoin, including Peken or any successor in interest to Peken.

(6) Should you seek to travel to the United States during the Term, you will notify the USAO-SDNY in advance. In addition, should you seek to reside in the United States during the Term, you will notify the USAO-SDNY in advance and comply with any terms of supervision by the United States District Court Pretrial Services Office for the Southern District of New York ("PTS-SDNY") that are deemed necessary by the USAO-SDNY and the PTS-SDNY while you are residing in the United States.

(7) By signing this Agreement, you, KE TANG, a/k/a "Eric," agree to forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), a sum of money equal to $2,711,365.00 in United States currency (the "Stipulated Forfeiture Amount"). You agree that you shall make pay the Stipulated Forfeiture Amount no later than thirty (30) business days from the signing of this agreement by the Court. You agree that the Stipulated Forfeiture Amount represents a substitute *res* for property you obtained as a result of the conduct described above and as covered by this agreement, and is subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 982(a)(1), as property involved in said offense conduct. You consent to the administrative or civil forfeiture of the Stipulated Forfeiture Amount, and agree that you will not file a claim or a petition for remission or mitigation or otherwise contest the civil or administrative forfeiture of the Stipulated Forfeiture Amount, and will not assist anyone else in doing so. You also waive all rights to service or notice of any administrative or civil forfeiture proceeding with respect to the Stipulated Forfeiture Amount. It is further understood that this Agreement does not become effective, and the Term does not begin, until the USAO-SDNY receives the Stipulated Forfeiture Amount.

(8) Within thirty (30) days of the completion of the Term, you shall submit to the USAO-SDNY a signed statement confirming that you have complied with conditions (1) through (6). Prior to doing so, you shall confer with your counsel regarding all representations made in the statement. Counsel shall sign to confirm that conferral occurred.

The USAO-SDNY may at any time proceed with the prosecution for this offense should the USAO-SDNY determine, in its sole discretion, that you have violated the terms and conditions of this Agreement.

If you comply with all the rules, regulations, and conditions applicable to your deferred prosecution, no further prosecution will be instituted in this District for the above offense. In addition, if you successfully comply with all the terms and conditions of this Agreement, the USAO-SDNY will move the Court to dismiss the Indictment against you upon receipt of the signed statement referred to, *supra*, in paragraph (8).

It is further understood that this Agreement and the terms and conditions set forth herein are limited to the facts and circumstances of this case and lack precedential value.

Dated:   New York, New York
         January 24, 2025

                                              DANIELLE R. SASSOON
                                              United States Attorney
                                              Southern District of New York

                                      By:    _____
                                              Emily Deininger
                                              David R. Felton
                                              Assistant United States Attorneys
                                              Tel.: 212-637-2472 / -2299


The undersigned hereby consents to the foregoing and expressly waives any and all rights to a speedy trial pursuant to the Sixth Amendment to the United States Constitution, the Speedy Trial Act, 18 U.S.C. §§ 3161 et seq., and any other pertinent provisions, and consents to the adjournment of all pending proceedings in this case. The undersigned further waives the applicable statute of limitations with respect to any prosecution that is not time-barred on the date that this agreement is signed. It is the intent of this provision to toll the applicable statute of limitations during the pendency of the deferred prosecution.

Dated:   New York, New York
         January 24, 2025

_____              _____
David Meister, Esq.                           KE TANG, a/k/a "Eric"
Attorney for Defendant                        Defendant

3

Pursuant to 18 U.S.C. §3161(h)(2), exclusion under the Speedy Trial Act of the period of time during which the prosecution of the defendant is deferred pursuant to this agreement is hereby approved.

Dated:   New York, New York
         January 27, 2025

_____
Honorable Andrew L. Carter Jr.
United States District Judge

4