|  |  |
|---|---|
|  | USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC#: _____<br>DATE FILED: 1-30-25 |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
UNITED STATES OF AMERICA                      :
                                              :   CONSENT PRELIMINARY ORDER
        - v. -                                :   OF FORFEITURE/
                                              :   <u>MONEY JUDGMENT</u>
PEKEN GLOBAL LIMITED,                         :
  d/b/a KuCoin,                              :   24 Cr. 168 (ALC)
                                              :
                Defendant.                  :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

        WHEREAS, on or about March 21, 2024, PEKEN GLOBAL LIMITED d/b/a KUCOIN (the "Defendant"), among others, was charged in a four-count Indictment, 24 Cr. 168 (ALC) (the "Indictment"), with conspiracy to violate the Bank Secrecy Act, in violation of Title 18, United States Code, Section 371 (Count One); conspiracy to operate an unlicensed money transmitting business, in violation of Title 18, United States Code, Section 371 (Count Two); violation of the Bank Secrecy Act, in violation of Title 31, United States Code, Sections 5318(h)(1) and (l), 5322(b) and (c), Title 31, Code of Federal Regulations, Sections 1026.210 and 1026.220, and Title 18, United States Code, Section 2 (Count Three); and operation of an unlicensed money transmitting business, in violation of Title 18, United States Code, Sections 1960 and 2 (Count Four);

        WHEREAS, the Indictment included a forfeiture allegation as to Counts Two and Four of the Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), of any and all property, real and personal, involved in the commission of the offenses charged in Counts Two and Four of the Indictment including but not limited to a sum of money in United States currency representing the amount of property involved in the offenses charged in Counts Two and Four of the Indictment;

E-1

WHEREAS, on or about January 27, 2025, the Defendant pleaded guilty to Count Four of the Indictment, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegation with respect to Count Four of the Indictment and agreed to forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), a sum of money equal to $184,500,000 in United States currency, representing property involved in the offense charged in Count Four of the Indictment;

WHEREAS, the Defendant consents to the entry of a money judgment in the amount of $184,500,000 in United States currency, representing the property involved in the offense charged in Count Four of the Indictment;

WHEREAS, the Defendant intends to enter into a parallel resolution with the Commodity Futures Trading Commission ("CFTC");

WHEREAS, the U.S. Attorney's Office for the Southern District of New York ("USAO-SDNY") agrees that, if the Defendant agrees to payment of a disgorgement amount in connection with a parallel resolution with the CFTC that the CFTC does not agree to fully credit against the money judgment, the USAO-SDNY shall confer with the CFTC and agree to credit an amount against the money judgment so that the total of the combined civil disgorgement and criminal forfeiture payments shall be no more than $184,500,000 (the "CFTC Disgorgement Credit");

WHEREAS, the Defendant agrees to make payment to the Government in the amount of $179,200,000 less the CFTC Disgorgement Credit in full satisfaction of the Money Judgment (the "Criminal Forfeiture Payment"); and

WHEREAS, the Defendant admits that, as a result of acts and/or omissions of the Defendant, the property involved in the offense charged in Count Four of the Indictment cannot be located upon the exercise of due diligence.

E-2

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Danielle R. Sassoon, United States Attorney, Assistant United States Attorneys David R. Felton and Emily Deininger, of counsel, and the Defendant, and its counsel, John Nathanson, Esq., Christopher LaVigne, Esq., and Katherine J. Stoller, Esq., that:

1. As a result of the offense charged in Count Four of the Indictment, to which the Defendant pleaded guilty, a money judgment in the amount of $184,500,000.00 in United States currency (the "Money Judgment"), representing the amount of property involved in the offense charged in Count Four of the Indictment, shall be entered against the Defendant.

2. Defendant shall make the Criminal Forfeiture Payment by wire transfer pursuant to instructions provided by the United States Attorney's Office as follows: no later than forty-five (45) days after the Defendant's sentencing, payment of $24,840,000; no later than four (4) months after the Defendant's sentencing, payment of $49,680,000; no later than eight (8) months after the Defendant's sentencing, payment of $49,680,000; and payment of any remaining amount of the Criminal Forfeiture Payment no later than ten (10) months after the Defendant's sentencing (the "Time Period").

3. Upon receipt of the Criminal Forfeiture Payment within the Time Period, the Government shall accept the Criminal Forfeiture Payment in full satisfaction of the Money Judgment.

4. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture/Money Judgment is final as to the Defendant, PEKEN GLOBAL LIMITED, d/b/a KUCOIN, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

5. Upon entry of this Consent Preliminary Order of Forfeiture/Money Judgment, and pursuant to Title 21, United States Code, Section 853, United States Customs and

Border Protection, or its designee the Office of Fines, Penalties, and Forfeiture shall be authorized to deposit the Criminal Forfeiture Payment on the Money Judgment into the Treasury Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

      6.      Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment following the expiration of the Time Period if the Defendant has not made the Criminal Forfeiture Payment.

      7.      Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents, and the issuance of subpoenas.

      8.      The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

      9.      The signature page of this Consent Preliminary Order of Forfeiture/Money Judgment may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

DANIELLE R. SASSOON
United States Attorney
Southern District of New York

By: _____          Jan. 27, 2025
DAVID R. FELTON                              DATE
EMILY DEININGER
Assistant United States Attorney
26 Federal Plaza, 37th Floor
New York, NY 10278
(212) 637-2299/-2472


PEKEN GLOBAL LIMITED, D/B/A KUCOIN

By: _____          27 Jan 2025
PEKEN GLOBAL LIMITED,                        DATE
D/B/A KUCOIN

By: _____          1/27/2025
JOHN NATHANSON, ESQ.                         DATE
CHRISTOPHER LAVIGNE, ESQ.
KATHERINE J. STOLLER, ESQ.
Attorneys for Defendant
A&O Shearman
599 Lexington Avenue
New York, NY 10022


SO ORDERED:

_____              1/27/2025
HONORABLE ANDREW L. CARTER, JR.             DATE
UNITED STATES DISTRICT JUDGE

E-5